IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 23-14218

_____

VICTOR HILL,

Defendant/Appellant,

versus

GLENN HOWELL,

Plaintiff/Appellee.

_____

ON APPEAL FROM THE U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

_____

BRIEF OF APPELLEE GLENN HOWELL

Darryl L. Scott, Esq.
State of Georgia Bar No.: 635479
Law Office of Darryl L. Scott, LLC
33 Jonesboro Street
McDonough, Georgia 30253
(770) 474-5646
darryl@dscottlawoffice.com

Attorney for Appellee
Glenn Howell

**CERTIFICATE OF INTERESTED PERSONS
AND CORPORATE DISCLOSURE STATEMENT
OF APPELLEE GLENN HOWELL**

In accordance with FRAP 26.1 and 11TH Cir. R. 26.1-1, Plaintiff/Appellee Glenn Howell hereby files this Certificate of Interested Persons and Corporate Disclosure Statement certifying that the following individuals or entities have an interest in the outcome of this case:

Glenn Howell

Darryl L. Scott, Esq.

Law Office of Darryl L. Scott, LLC

Victor Hill

Clayton County, GA

Clayton County Board of Commissioners

Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLLP

Sean Keenan

Ashley Landers

William M. Ray: United States District Court Judge

*/s/ Darryl L. Scott*
DARRYL L. SCOTT, ESQ.
State of Georgia Bar No.: 635479
Attorney for Appellee

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Rule 34(a) of the Federal Rules of Appellate Procedure, oral argument is not necessary because the appeal is frivolous, the dispositive issue of qualified immunity has previously been decided by this Court, and the facts and legal arguments are adequately presented in the briefs and record.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ........................................................ ii

STATEMENT REGARDING ORAL ARGUMENT ............................................ iii

TABLE OF CONTENTS ........................................................................................iv

TABLE OF CITATIONS ........................................................................................v

STATEMENT OF THE ISSUES ...........................................................................2

STATEMENT OF THE CASE ...............................................................................3

    (i)      Course of Proceedings and Disposition in the District Court    3

    (ii)     Statement of the Facts    4

    (iii)    Standard of Review:    6

SUMMARY OF THE ARGUMENT .......................................................................8

ARGUMENT AND CITATIONS OF AUTHORITY ............................................9

    I.     Hill violated clearly established law by using punitive restraint and otherwise punishing Howell, a pretrial detainee, who was fully compliant and nonresistant.    9

        a.  Restraint chairs qualify as "force."    10

        b.  Hill was on notice that he could not use force against a compliant, nonresistent detainee    11

        c.  Hill violated Howell's Fourteenth Amendment due process rights by ordering his punitive restraint    13

CONCLUSION ....................................................................................................14

CERTIFICATE OF SERVICE..............................................................................16

# TABLE OF CITATIONS

CASES

Allen v. McCurry, 449 U.S. 90 (1980)………………………………….…10

Ashcroft v. Iqbal, 556 U.S. 662 (2009); ..................................................11

Bell v. Wolfish , 441 U.S. 520, (1979) ....................................................9

Campbell v. Sikes, 169 F.3d 1353 (11th Cir. 1999)..................................12

Damon v. Fleming Supermarkets of Fla., Inc., 196 F.3d 1354 (11th Cir. 1999).

..................................................................................................................7

Danley v. Allen, 540 F.3d 1298 (11th Cir. 2008)..............................11,12

Gates v. Collier, 501 F.2d 1291 (5th Cir. 1974),.................................10,12

Gold v. City of Miami, 121 F.3d 1442 (11th Cir. 1997) ..........................10

Hope v. Pelzer, 536 U.S. 730 (2002)...........................................10,12,14

Jaffree v. Wallace, 837 F.2d 1461 (11th Cir. 1988)……………………………10

Kingsley v. Hendrickson, 135 S. Ct. 2466 (2015)..............................10,13

Piazza v. Jefferson Cnty., 923 F.3d 947 (11th Cir. 2019); ...........11,12,13

Rodriguez v. Farrell, 280 F.3d 1341 (11th Cir. 2002)..............................10

*Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361 (11th Cir. 2007).........................6

*United States v. Four Parcels of Real Prop.* 941 F.2d 1428 (11th Cir. 1991) ...........7

Williams v. Burton, 943 F.2d 1572 (11th Cir. 1991) ..........................10,13

## STATUTES

42 U.S.C. § 1983 ................................................................................................2,3

## RULES

Fed. R. Civ. P. 56(c) .................................................................................................6

## <u>STATEMENT OF THE ISSUES</u>

I. Whether the district court properly denied Hill qualified immunity on Howell's excessive force claim under 42 U.S.C. § 1983 where Hill ordered Howell, a complaint, non-resistant pretrial detainee, strapped to a restraint chair while handcuffed for over four hours.

**STATEMENT OF THE CASE**

**(i)     Course of Proceedings and Disposition in the District Court:**

Howell filed his 42 U.S.C. § 1983 action on June 24, 2020 seeking to recover damages after he was strapped into restraint chair at Hill's direction on April 26th, 2020 while being housed as a pretrial detainee at the Clayton County Jail. (Doc. 1). In response to Hill's First Motion to Dismiss, Howell filed his First Amended Complaint on September 29, 2020. (Doc. 17).  Hill again filed a Motion to Dismiss on October 13, 2020. (Doc. 18). Howell filed a response in opposition and the Court entered an Order denying Hill's Motion to Dismiss on February 19, 2021. (Doc. 29). The case then proceeded to discovery.

However, discovery was stayed following Hill's indictment under 18 U.S.C. § 242, for violating Howell's and other pretrial detainees' right to be free from unreasonable force.  (See *United States v. Hill*, Case #: 1:21-CR-143 (U.S. Dist. Ct., NDGA).  (Doc. 44 and 94)).  Following Hill's jury conviction for violating Howell's rights on October 26, 2022, the District Court lifted the stay and discovery resumed on March 10, 2022. (Doc. 50).  At the close of discovery, Hill's filed a motion for summary judgment seeking qualified immunity.  Hill's motion was denied on November 27, 2023. (Doc. 78).  Hill then filed his notice of appeal on December 21, 2023. (Doc. 79).

On April 29, 2024, this Court affirmed Hill's criminal conviction under 18 U.S.C. § 242 for violating Howell's constitutional rights and specifically found that Hill is not entitled to qualified immunity for the conduct at issue on this appeal. United States of America v. Victor Hill- 11th Cir. Case # 23-10934 (April 29, 2024).

**(ii)** **Statement of the Facts:**

Howell was involved in a business dispute with Clayton County Sheriff's deputy, Lt. Guthrie, on April 17, 2020 related to the performance of landscaping services at the Lt. Guthrie's home in Butts County, Georgia. (Doc. 63-1, pp. 125-141). The dispute escalated to the two cussing at each other, Howell challenging Lt. Guthrie to a fight, the police being called, and Howell being asked to leave Lt. Guthrie's property. (Id., pp. 128-137; (Doc 65-2)).

After learning of the dispute from Lt. Guthrie, Hill called Howell on April 23, 2020. (Doc 63-1, pp. 142-145). During the call, Hill identified himself as the Clayton County Sheriff and told Howell to leave his deputy alone. (Id.). Among other statements including profanities, Howell replied that Hill should tell his deputy to pay his bill and to "go fuck yourself." (Id.). Unsure whether the caller was actually Hill, Howell used Facetime to call Hill back several times until Hill answered and removed the mask he was wearing. (Id., pp. 150-151). After the Facetime calls, Hill texted Howell warning him not to call or text anymore or else Hill would have him arrested. (Id., p. 155). Howell responded via text, "so this is

4

Victor Hill correct." (Id.).  Hill then responded with a second text warning Howell not to call or text. (Id.)

Although Howell did not call or text again, the next day Hill instructed a CCSO deputy to swear out an arrest warrant against Howell for misdemeanor harassing communications. (Doc. 65-5), pp. 1429-1432).  Later that day on April 24, 2020, Hill texted Howell, "[T]his is Sheriff Victor Hill.  We have a warrant for your arrest.  Would you like to turn yourself in, or have my Deputies come find you?" (Doc 63-1, p. 156, Ex. 8).  When Howell failed to respond, Hill texted "[M]y Deputies are actively looking for you.  We have not and will not agree for you to turn yourself in when you want to.  Turn yourself in today." (Id.). Meanwhile, Hill had sent his heavily armed fugitive squad to Butts County, two counties over, in an attempt to arrest Howell on the misdemeanor arrest warrant. (Id., pp. 157-163; Doc 64-4, p. 1944).

On April 27, 2020, Howell turned himself to the Clayton County Jail after having retained a criminal defense attorney.  (Doc. 63-1, pp. 166-167).  Clayton County records indicate that Howell was unarmed, not under the influence of drugs, and offered no resistance. (Doc. 65-3).  Surveillance footage from the booking area shows Howell interacting with jail personnel amicably, waiting patiently, and being cooperative and compliant for over forty-five minutes before Hill arrived at the jail, accompanied by Lt. Guthrie.  (Doc. 66-Intake Video 1 at 39:00-52:00; Intake Video

5

2 at 0:00-37:00).  Howell tried to shake Hill's hand but Hill replied "We're way past that.  You had an opportunity to fix this before this part." (Doc. 65-5, pp. 1446-1447). At Hill's direction, deputies then forcefully placed Howell in the restraint chair, with his hand cuffed behind his back, where he remained for at least four hours.  (Id., p. 1472). Among other injuries, Howell suffered injuries to his wrists and cervical spine as a result of his punitive restraint.  (Doc. 65-4), pp. 219-230).

In addition to ordering Howell to a restraint chair, Hill ordered Howell be placed on suicide watch, despite Howell never being suicidal. (Id., pp. 102, 200-202; Doc. 65-3).  After Hill was released from suicide watch and placed in general population, Hill visited Howell again to ensure that there would not be "any problems" if Howell was released. (Doc. 65-4, p. 204).  Howell remained compliant and non-threatening at all times during his incarceration and he bonded out the next day.

### (iii)    Standard of Review:

The 11th Circuit reviews a district court's grant of summary judgment de novo. Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1363 (11th Cir. 2007). "Summary judgment is appropriate only if 'there is no genuine issue of material fact and . . . the moving party is entitled to a judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists "if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." <u>United States v.</u> <u>Four Parcels of Real Prop.</u> 941 F.2d 1428, 1437 (11th Cir. 1991).  "In making this determination, we review the record, drawing all reasonable inferences in the light most favorable to the nonmoving party." <u>Damon v. Fleming Supermarkets of Fla.,</u> <u>Inc.</u>, 196 F.3d 1354, 1358 (11th Cir. 1999).

## SUMMARY OF THE ARGUMENT

There is ample evidence for a jury to find that Hill ordered Howell to the restraint chair purely as a form of punishment including, but not limited to, jail surveillance footage depicting Howell being compliant, non-threatening, and moving freely uncuffed during the approximately 45-minute period prior to Hill's arrival, the personal dispute between Howell and Hill and Hill's own words. Moreover, the law is clearly established that the use of restraints is "force" and that the use of force on pretrial detainees may be defensive or preventative, but never punitive. Hill should therefore be denied qualified immunity on Howell's 42 U.S.C. § 1983 Fourteenth Amendment Excessive Force claim.

And importantly, this Court has previously denied Hill qualified immunity related to Howell's punitive restraint. _United States of America v. Hill,_ 11th Cir. Case # 23-10934 (April 29, 2024). Hill is therefore estopped from relitigating the issue of qualified immunity and liability under 42 U.S.C. § 1983.

# ARGUMENT AND CITATIONS OF AUTHORITY

The factual findings and conclusions of law stated in the district court's order denying qualified immunity to Hill are correct and well-reasoned and the issue of Hill's qualified immunity has previously been decided by this Court. As argued below, the Court should deny qualified immunity to Hill and allow Howell's claims to proceed to trial.

I.   <u>Hill violated clearly established law by using punitive restraint and otherwise punishing Howell, a pretrial detainee, who was fully compliant and nonresistant.</u>

Contrary to Hills' contention, binding Fourteenth Amendment holds it is unconstitutional for jailers to use force or otherwise impose restrictions on a pretrial detainee that amount to punishment. The Supreme Court's decision in <u>Bell v. Wolfish</u>, 441 U.S. 520, (1979) established that pretrial detainees fall within the Fourteenth Amendment's ambit.  In <u>Bell,</u> the Court explained that the "proper inquiry" when "evaluating the constitutionality of conditions or restrictions of pretrial detention" is "whether those conditions amount to punishment of the detainee." <u>Id</u>. at 535.  "For under the Due Process Clause," the Court continued, "a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." <u>Id</u>. A pretrial detainee need not prove an officer's objective intent but only that the force

use against him was objectively unreasonable. <u>Kingsley v. Hendrickson</u>, 135 S. Ct. 2466, 2473 (2015).

      a.    <u>Restraint chairs qualify as "force."</u>

Just as he did in his criminal appeal, Hill again asserts here that use of a restraint chair and handcuffs does not constitute force, notwithstanding this Court having repeatedly applied the constitutional use-of-force framework to such restraints.[1] *See* <u>Williams v. Burton</u>, 943 F.2d 1572, 1575 (11th Cir. 1991) (use of four-point restraints characterized as "force"); <u>Gold v. City of Miami</u>, 121 F.3d 1442, 1446-47 (11th Cir. 1997) (tight handcuffing for a twenty-minute period referred to as "force"); <u>Rodriguez v. Farrell</u>, 280 F.3d 1341, 1352 (11th Cir. 2002) (painful handcuffing characterized as "force").   Moreover, in <u>Hope v. Pelzer</u>, 536 U.S. 730, 742 (2002), the Supreme Court noted that "handcuffing inmates to cells or fences for long periods of time" was "punishment." (quoting <u>Gates v. Collier</u>, 501 F.2d 1291, 1306 (5th Cir. 1974)).  As such, the law was clearly established that the use of a restraint chair and handcuffs is "force."

---

[1] Hill is asking the Court to issue inconsistent opinions in violation of the doctrine of collateral estoppel. <u>Allen v. McCurry</u>, 449 U.S. 90 (1980).  Furthermore, now that Hill's criminal conviction has been subjected to appellate review, Hill is barred from relitigating the issues of qualified immunity and liability to Howell under 42 U.S.C. § 1983.  See <u>Jaffree v. Wallace</u>, 837 F.2d 1461 (11th Cir. 1988);

b. <u>Hill was on notice that he could not use force against a compliant, nonresistant detainee.</u>

For many years, the 11th Circuit has held, in no uncertain terms, that "[w]hen jailers continue to use substantial force against a prisoner who has clearly stopped resisting—whether because he has decided to become compliant, he has been subdued, or he is otherwise incapacitated—that use of force is excessive." <u>Danley v. Allen</u>, 540 F.3d 1298, 1309 (11th Cir. 2008) (overruled on other grounds by <u>Ashcroft v. Iqbal,</u> 556 U.S. 662 (2009); See also <u>Piazza v. Jefferson Cnty.</u>, 923 F.3d 947 (11th Cir. 2019); ("Once a prisoner has stopped resisting there is no longer a need for force, so the use of force thereafter is disproportionate to the need.").  The holding from *Danley* was nothing new considering this Court has for decades embraced and reiterated the principle that an officer may not continue to use force after a detainee has clearly stopped resisting.[2]

Moreover, in *Piazza,* a case involving the use of a taser on a prisoner who was no longer resisting, this Court reiterated the principle the Supreme Court laid

_____

[2] See <u>Skrtich v. Thornton</u>, 280 F.3d 1295, 1303 (11th Cir. 2002) ("[G]overnment officials may not use gratuitous force against a prisoner who has been already subdued or, as in this case, incapacitated."); <u>Williams v. Burton</u> , 943 F.2d 1572, 1576 (11th Cir. 1991) ("The basic legal principle is that once the necessity for the application of force ceases, any continued use of harmful force can be a violation of the Eighth and Fourteenth Amendments."); <u>Ort v. White</u>, 813 F.2d at 327 (11th 1987).

out in <u>Bell</u> and <u>Kingsley</u>: "if force used against a pretrial detainee is more severe than is necessary to subdue him or otherwise achieve a permissible governmental objective, it constitutes 'punishment' and is therefore unconstitutional." <u>Piazza</u>, 923 F.3d 947, 952. The *Piazza* opinion further explained that "our decisions make one thing clear: 'Once a prisoner has stopped resisting there is no longer a need for force, so the use of force thereafter is disproportionate to the need." <u>Id</u>. at 953 (quoting <u>Danley v. Allen</u>, 540 F.3d 1298, 1309 (11th Cir. 2008)). And importantly, instead of relying on a factually similar case, the *Piazza* Court relied on the well-established general principle that prison officials may not use force on a compliant prisoner in holding that prior decisions provided fair notice despite not involving a taser:

> To be clear, it is no answer to say that *Danley* involved pepper spray, *Skrtich* kicks and punches, *Williams* four-point restraints, etc.—and that none of those cases concerned the use of a taser specifically. It's true, of course, that to defeat qualified immunity a rule must be specific enough that an act's unlawfulness "follow[s] immediately from the conclusion that the rule was firmly established," *Wesby*, 138 S. Ct. at 590 (citation omitted). But we have never suggested that the longstanding prohibition on a jail officer's use of force on an incapacitated detainee turns on as fine a point as the particular weapon deployed.

<u>Piazza</u>, 923 F.3d 947 (11th Cir. 2019). In addition to the above cited cases, Howell also relies on <u>Gates v. Collier</u>, 501 F.2d 1291 (5th Cir. 1974), <u>Hope</u>, 536 U.S. 730, 739 (2002) and <u>Campbell v. Sikes</u>, 169 F.3d 1353 (11th Cir. 1999) to show that the

law prohibiting jail officers from using force on an unresisting detainee was clearly established.[3]

      c.    <u>Hill violated Howell's Fourteenth Amendment due process rights by ordering his punitive restraint.</u>

Hill's argument in a nutshell is that Howell's restraint was justified based on Howell's pre-confinement behavior. Taking Hill's premise to its logical conclusion, jailers would be entitled to restrain any pretrial detainee who exhibited aggressive, threatening or disrespectful pre-confinement behavior, which would no doubt be a significant portion of the jail population. That is not the law and it should not be the law. Only when a pre-trial detainee offers resistance, is being aggressive, non-compliant or threatening, is it appropriate for jail officers to use force. See <u>Piazza</u>, 923 F.3d at 955-57; <u>Williams v. Burton</u>, 943 F.2d 1572, 1574-76 (11th Cir. 1991).

Even if the Court were to accept Hill's "legitimate purpose" of maintaining jail security, Howell's protracted time in the restraint chair was excessive in relation to that purpose. See <u>Kingsley</u>, 576 U.S. at 398. Importantly, Howell never resisted or posed a threat which would warrant the use of force in the first place. Simply placing Howell in a cell would have been sufficient to allay any generalized concerns

_____

[3] There is also persuasive authority from the 11th Circuit directly on point denying qualified wherein a pretrial detainee was punitively restrained despite being fully compliant and non-threatening. See <u>Shuford v. Conway</u>, Doc. 16-12128 (11th Cir. 2016).

Hill had with respect to Howell. And no reasonable officer could have believed that strapping Howell, an unresisting pretrial detainee, into a restraint chair was constitutional. Moreover, Hill ignoring his own policy[4] that the restraint chair was not to be used to punish prisoners "provides equally strong support for the conclusion that [he was] fully aware of the wrongful character of [his] conduct." Hope, 536 U.S. at 744. Accordingly, Hill should be denied qualified immunity.

## CONCLUSION

Hill's appeal is frivolous and seeks inconsistent opinions from this Court. And for the reasons stated above, the District Court's Order denial of qualified immunity to Hill should be affirmed.

Respectfully submitted this 20th day of June, 2024.

/s/ Darryl L. Scott_____
DARRYL L. SCOTT, ESQ.
State of Georgia Bar No.: 635479
Attorney for Appellee

Law Office of Darryl L. Scott, LLC
33 Jonesboro Street
McDonough, GA 30253
Telephone 770-474-5646
darryl@dscottlawoffice.com

---

[4] See Doc. 65-6- Clayton County Sheriff's Office S.O.P. 4.15 relating to the use of Inmate Restraint Chair.

## **CERTIFICATE OF COMPLIANCE**

**1. Type-Volume**

This document complies with the word limit of FRAP 32(A)(7)(B) because, excluding the parts of the document exempted, this document contains 2,349 words.

**2. Typeface and Type-Style**

This document complies with the typeface requirements of FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6).

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day electronically filed a copy of the foregoing Brief of Appellee with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all parties of record.

Dated: This 20th day of June, 2024.

/s/ Darryl L. Scott_____
DARRYL L. SCOTT, ESQ.
State of Georgia Bar No.: 635479
Attorney for Appellee

Law Office of Darryl L. Scott, LLC
33 Jonesboro Street
McDonough, GA 30253
Telephone 770-474-5646
darryl@dscottlawoffice.com